**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: September 26 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-32362 |
| | ) | |
| Mason P. Oglesby, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3178 |
| | ) | |
| Mason P. Oglesby, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Sunrise Cooperative, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO DISMISS

This adversary proceeding is before the court on Defendant's Motion to Dismiss ("Motion") [Doc. # 6], brought pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b). Plaintiff commenced this proceeding on November 22, 2013, by filing a Complaint/Request For Injunctive of Relief [Doc. # 1], and on November 27, 2013, he filed an amended complaint ("Complaint") [Doc. # 3]. On January 29, 2014, the court held a hearing on the Motion, at which Plaintiff's attorney appeared by phone and Defendant's attorney appeared in person. For the reasons that follow, and those stated at the hearing, Defendant's Motion will be granted.

**A. Rule 12(b)(6) Standard**

Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court recently explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
> . . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**B. Discussion**

Plaintiff's Complaint seeks injunctive relief, alleging that Defendant continued debt collection efforts in spite of 11 U.S.C. § 524 (specifically § 524(a)(2)), and in doing so violated 11 U.S.C. § 727. 11 U.S.C. § 524(a)(2) states that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived..."

The following factual allegations are set forth in the Complaint. Plaintiff filed a bankruptcy petition in the court on May 31, 2013. Defendant was included as an unsecured creditor on Schedule F of Plaintiff's petition [Doc. # 3, ¶ 2] and was listed with a total balance owed by the Plaintiff of $21,827.28. [*Id.* at ¶ 3]. The balance owed to Defendant is pursuant to Defendant having received a judgement of default in the Court of Common Pleas, in Huron County, Ohio, prior to the filing of Plaintiff's petition. [*Id.* at ¶ 4]. Plaintiff received his discharge on September 26, 2013, and since the discharge, Defendant has continued attempts to collect on the debt for past due payment. [*Id.* at ¶ 5]. Plaintiff alleges that Defendant's foreclosure action is a continuation of an act to collect a debt of a personal liability, in violation of 11 U.S.C. § 524(a)(2). [*Id.* at p. 2].

The relief sought by Plaintiff includes the court "grant[ing] injunctive relief by ordering the Defendant to cease its collection efforts." Plaintiff also requests the court to grant punitive damages, legal fees, and any other remedy the court finds appropriate. [*Id.*].

In its Motion, Defendant supports its argument that Plaintiff has failed to state a claim upon which relief can be granted by expanding upon the factual allegations made in Plaintiff's complaint. In Exhibit 1, Defendant has provided the foreclosure action docket which shows that Defendant has a valid judgement lien under Ohio law. The docket provides that Defendant filed the foreclosure action against Plaintiff on March 6, 2012, and the action was stayed upon Plaintiff's bankruptcy filing in 2013. [Doc. # 6, Exhibit 1]. Defendant has also provided the court with a Certificate of Judgment for Lien Upon Lands and Tenements, signed by the Huron County Clerk of Courts on August 3, 2011. [Doc. # 6, Exhibit 2]. The court takes judicial notice of the state court foreclosure action docket[1] and the Certificate of Judgement. *See* Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2). After Plaintiff received his discharge on September 26, 2013, with the automatic stay no longer in effect, Defendant filed a motion to reactivate the foreclosure action in state court. [*Id.*]. With the foreclosure action reactivated, Plaintiff filed his Complaint. In response to the Complaint, Defendant filed the current Motion, asserting that the discharge injunction does not bar enforcement of Defendant's in rem rights, nor does it prevent the foreclosure on Defendant's judgment lien. [Doc. # 6, Main Exhibit].

1. **11 U.S.C. § 524(a)(2) and § 727**

---

[1]A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds *Merck & Co. V. Reynolds,* 130 S.Ct. 1784 (2010), and finding the plaintiff's earlier complaint filed against another entity may properly be considered).

As indicated above, Defendant claims that his debt collection efforts, undertaken before Plaintiff's petition was filed and commenced again in state court upon Plaintiff receiving his discharge, is not in violation of 11 U.S.C. § 524(a)(2) and § 727, as the § 524 injunction does not affect Defendant's in rem rights nor does it prevent foreclosure on its judgment lien. A Chapter 7 bankruptcy discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter. . . ." 11 U.S.C. § 727(b). In order to effectuate the "fresh start" intended by the grant of a discharge in bankruptcy, Congress provided that a discharge "operates as an injunction against . . . an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). "The discharge injunction is broad in scope and was intended to preclude virtually all actions to collect." *In re Lafferty*, 229 B.R. 707, 712 (Bankr. N.D. Ohio 1998).

Thus, § 524(a)(2) prevents the enforcement of personal liability, but it does not prevent the foreclosure of a valid and subsisting judgment lien that remains in default after a discharge is issued and the Chapter 7 case is closed. The injunction, as imposed by 11 U.S.C. § 524, prohibits a creditor "from initiating an action that seeks to determine the debtor's personal liability for a debt discharged in a bankruptcy case." *In re Hagemann*, 86 B.R. 124, 126 (Bankr. N.D. Ohio 1988) (citing 3 Collier on Bankruptcy ¶ 524.01 at 524-4 (15th ed. 1988)). Here, Plaintiff's personal obligation was discharged in bankruptcy. However, it is well established that a valid lien survives the discharge. *In re Inge*, 158 B.R. 326, 328 (Bankr. E.D.N.Y. 1993); *see also In re Endlich*, 47 B.R. 802, 805 (Bankr. E.D.N.Y. 1985) ("A discharge affects and voids only the personal liability of a debtor with respect to a debt. However, a valid lien which has not been avoided in the pre-discharge period of a bankruptcy proceeding survives the bankruptcy unaltered.")

In the matter at hand, Plaintiff's Complaint has failed to state any facts that show Defendant has attempted to collect a debt based on the personal liability of the Plaintiff. The basis of Plaintiff's Complaint is that Defendant's foreclosure action is an enforcement of a personal liability, violating § 524(a)(2), when in reality, Defendant is enforcing its in rem rights, which survive postdischarge. As set forth by the Supreme Court of the United States, "a bankruptcy discharge extinguishes only one mode of enforcing a claim - namely, an action against the debtor in personam - while leaving intact another - namely, an action against the debtor in rem." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Because the Creditor is asserting its valid in rem rights, arising from the state court judgment lien, the court finds that Plaintiff has failed to state a claim upon which relief can be granted.

**2. Federal Rule of Civil Procedure 41(b)**

Another issue raised by the parties is whether dismissal of the Complaint should be "with prejudice" to commencement of another action. This question was reserved by the court to be decided after the hearing.

Rule 41(b) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding through Fed. R. Bankr. P. 7041, states the following with regard to the effect of an involuntary dismissal:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Pursuant to Fed. R. Civ. P. 41(b), a dismissal under Rule 12(b)(6) as a dismissal not under Rule 41 operates as an adjudication on the merits. The burden is on the Plaintiff to persuade the court that a dismissal should be without prejudice. *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 608 (7th Cir. 1989). Plaintiff has made no such showing. Thus, Plaintiff's Complaint shall be dismissed with prejudice as to the merits of the Complaint.

That said, however, dismissal with prejudice of the Complaint does not mean as much as Defendant argues that it does. The reason that this issue has received attention is that the parties are involved in a separate dispute in the underlying Chapter 7 bankruptcy case. After the hearing on the Motion, as he stated he would, Plaintiff filed in the Chapter 7 case a motion to reopen it in order to file a motion to avoid Defendant's judicial lien pursuant to 11 U.S.C. § 522(f). At the hearing on the motion to dismiss, Defendant argued that the dismissal should be with prejudice to any motion Plaintiff filed under § 522(f). The court construes the dismissal of this adversary proceeding to be with prejudice only as to Plaintiff's action for contempt brought pursuant to § 524, *cf. Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (2000)(no private right of action for damages under § 524 for violating the discharge injunction), which is unrelated for purposes of claim preclusion to his motion to reopen in order to file a motion to avoid Defendant's judgment lien under § 522(f). The issue of whether Defendant acted in contempt of the discharge injunction by reviving its judgment lien foreclosure action is independent of and different than Plaintiff's request to reopen his Chapter 7 case and to file a motion to seek to avoid that judgment lien.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 6] be, and hereby is, **GRANTED.** The court will enter a separate order of dismissal in accordance with this Memorandum of Decision and Order.

###